IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SUSAN A. WILSON, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:05-2445-MBS-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

The record shows that Plaintiff applied for Disability Insurance Benefits (DIB) on April 18, 2003, alleging disability commencing January 15, 2003 due to breast cancer, depression, and anxiety. (R.pp. 48-50, 59). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on November 19, 2004; (R.pp. 353-368); with a supplemental hearing being held on February 25, 2005. (R.pp. 369-384). The ALJ thereafter denied Plaintiff's claim in a decision issued July 8, 2005. (R.pp. 11-22). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision,



thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 7-9).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. In the alternative, Plaintiff seeks reversal of the decision with remand for a new evaluation of the evidence, including the taking of vocational expert testimony. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as



it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was fifty-nine (59) years old on the date of the ALJ's decision, has a college degree with past relevant work as a claims associate, office worker, and graphic artist. (R.pp. 48, 65, 94). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months.

After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform any of her past relevant work, she nevertheless retains the residual functional capacity to perform a restricted range of medium work[1], and is therefore not disabled. (R.pp. 21-22). Plaintiff asserts that in reaching this decision, the ALJ erred by mechanically applying the Medical-Vocational Guidelines (i.e., the "Grids")[2] to direct a finding that Plaintiff was not disabled notwithstanding the presence of significant non-exertional impairments, by failing to follow the treating physician rule and erring in his evaluation of Plaintiff's pain and other symptoms,

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

[2] "The grids are matrices of the 'four factors identified by Congress -- physical ability, age, education, and work experience -- and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting Heckler v. Campbell, 461 U.S. 458, 461-462 (1983)). "Through the Grids, the Secretary has taken administrative notice of the number of jobs that exist in the national economy at the various functional levels (i.e., sedentary, light, medium, heavy, and very heavy.)" Daniels, 154 F.3d at 1132.

3

and by using "post-hoc" rationalizations to justify his decision. After careful review and consideration of the record and arguments presented, the undersigned finds and concludes that the ALJ did err in relying on the Grids to direct a finding of not disabled in this case, and that a reversal with remand is therefore required.

Because the ALJ determined that Plaintiff is unable to perform her past relevant work, the burden shifted to the Commissioner to show that other jobs exist in significant numbers which Plaintiff could perform. Pass v. Chater, 65 F.3d 1200, 1201-1203 (4th Cir. 1995). In appropriate circumstances, the Commissioner can meet this burden by using the Grids to direct a finding of not disabled, as the ALJ did in this case. See Hays, 907 F.2d at 1458 [affirming denial of benefits to claimant where the Medical-Vocational Guidelines directed a finding of not disabled]. However, the Grids do not apply to a claimant who suffers from severe non-exertional impairments, or who cannot perform the full range of work activity within a grid category. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989); see 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 201.00(h). Here, the record clearly reflects (and the ALJ found) that Plaintiff suffers from, inter alia, depression, anxiety and a personality disorder, non-exertional impairments that were "severe" within the meaning of the Social Security regulations. (R.p. 15). Nevertheless, even though Plaintiff suffered from these severe non-exertional impairments, and also could not perform the full range of medium work, the ALJ found that her limitations did not significantly erode the occupational base of jobs at the medium level, and directed a finding of not disabled, citing to Medical Vocational Rules 203.15, 203.00(a) and (b), and SSR 85-15. (R.p. 20). As noted, the undersigned does not find substantial evidence in the record to support this decision.

Plaintiff's medical records confirm that Plaintiff has a history of psychiatric and

4



medical interventions, diagnoses of depressive disorder, and panic disorder. In a medical source statement completed by one of Plaintiff's treating physicians, Dr. James Riddle, on September 28, 2004, Dr. Riddle found that Plaintiff had poor ability to relate to co-workers, deal with the public, interact with supervisors, behave in an emotionally stable manner, relate predictably in social situations, and understand, remember, and carry out detailed job instructions, along with no ability to deal with work stresses or carry out complex job instructions. (R.pp. 290-292). In a second medical source statement completed December 4, 2004, Dr. Riddle further opined that Plaintiff's depression had gotten to the point that her energy level and ability to function was significantly impaired. (R.p. 348). See Craig v. Chater, 76 F.3d 585, 589-590 (4th Cir. 1996) [noting importance accorded to treating physician's opinion]. The ALJ rejected Dr. Riddle's assessment, finding that his opinions were contradicted by the findings of Dr. Robespierre Del Rio. (R.p. 19). However, Dr. Del Rio was only a consultative physician who examined Plaintiff on one occasion, July 19, 2003. Dr. Del Rio found following his mental status examination that Plaintiff suffered from a depressive disorder and panic disorder, and recommended that Plaintiff maintain regular contact with her treating psychiatrist in order to properly assess, monitor, and evaluate her medication efficacy, specifically noting that Plaintiff's ongoing depression might require more active intervention. (R.p. 166).

       To the extent Dr. Del Rio's assessment conflicts with that of Dr. Riddle, it is not clear to the undersigned how Dr. Del Rio's one time examination of the Plaintiff in July 2003 provides substantial evidence to override a contrary opinion of Plaintiff's treating psychiatrist, Dr. Riddle, whose diagnoses were issued well after Plaintiff had been seen by Dr. Del Rio. Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not



adequately explain her rationale for discounting the recommendations of one of plaintiff's treating physicians]; Morales v. Apfel, 225 F.3d 310, 317-318 (3d Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of the medical opinion of a treating physician].

The ALJ also states that his decision of non-disability is supported by the opinions of the state agency medical and psychological consultants, who provided mental functional capacity assessments after review of Plaintiff's medial records. (R.p. 20). See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of non-examining physicians can constitute substantial evidence to support the decision of the Commissioner].  However, the record reflects that these state agency psychologists determined that Plaintiff had severe depression and panic disorder which resulted in moderate difficulties in maintaining concentration, persistence or pace; perform activities within a schedule; maintain regular attendance and be punctual within customary tolerances; complete a normal work day and work week without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods; sustain an ordinary routine without special supervision; interact appropriately with the general public; accept instructions; or respond appropriately to criticism from supervisors. (R.pp. 194-225). While the ALJ did find that Plaintiff's mental impairment resulted in moderate restrictions of activities of daily living and moderate difficulties in maintaining social functioning, he did not make a specific finding that Plaintiff would have "moderate" difficulties in maintaining concentration, persistence or pace, or in the other areas noted.  (R.p. 19).

These records, therefore, do not provide support for the ALJ's findings, at least not with respect to, inter alia, Plaintiff's ability to maintain concentration, persistence or pace; important qualities for the workplace.  Hence, there is not substantial evidence in the record to find that

6



Plaintiff's severe non-exertional mental impairment "do[es] not significantly erode the occupational base of jobs" at the level of medium work. (R.p. 20).   *Cf.* Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) [ "[R]esort to the grids is particularly inappropriate when evaluating nonexertional limitations such as...mental impairments."] (quoting Harquis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir. 1991); see also Hooper v. Heckler, 752 F.2d 83, 88 (4th Cir. 1985); Grant v. Schwieker, 699 F.2d 189, 192 (4th Cir. 1983); Tucker v. Schweiker, 689 F.2d 777, 780 (8th Cir. 1982) (quoting Gagnon v. Secretary of Health and Human Servs, 666 F.2d 662, 666 n. 8 (1st Cir. 1981) ["Evan a 'mild' mental impairment may prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies."]; *cf.* Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997). See also SSR.96-6p, 1996 WL 374180 at *1 ["Administrative law judges and the Appeals Council may not ignore [State agency medical and psychological consultants and other program physicians and psychologists] opinions and must explain the weight given to these opinions in their decisions."].

In support of an affirmance of the decision, Defendant argues in its brief that the ALJ did not exclusively use the Grids as a framework for decisionmaking in this case, but also used vocational evidence that had been provided to the state agency to find that there was other work in the national economy that Plaintiff could perform.  (R.pp. 20, 93-94).  However, the vocational evidence cited by the Defendant was not vocational expert testimony obtained from a VE after a review of Plaintiff's complete  medical history and hearing the relevant testimony. *Cf.* Steele v. Barnhart, 290 F.3d 936, 941 (7th Cir. 2002).  Rather, it is a two page vocational analysis completed, apparently, as part of Plaintiff's disability application, and which refers to source material dated no later than May 2003. (R.pp. 20, 93-94).  This was prior to not only Dr. Riddle's examinations and

7



evidence as well as the assessments of the state agency consulting psychologists, but was before even the consultative examination performed by Dr. Del Rio. In light of the ALJ's finding that Plaintiff suffers from a severe non-exertional mental impairment, it was reversible error for the ALJ to rely on that dated vocational analysis instead of obtaining vocational expert testimony that was based on a review of Plaintiff's complete medical history. Thompson, 987 F.2d at 1488; Fenton v. Apfel, 149 F.3d 907, 910 (8th Cir. 1998) ["The Secretary is required to produce vocational expert testimony concerning availability of jobs which a person with a claimant's particular characteristics can perform, if his or her characteristics do not match those in the regulations, either because of suffered non-exertional impairments, or because he or she is precluded from performing a full range of a particular work classification, or for any other reason."]; *cf.* Allen v. Sullivan, 880 F.2d 1200, 1201-1202 (11th Cir. 1989) ["The ALJ should have elicited testimony from a vocational expert to interpret and evaluate appellant's medically documented non-exertional psychological and emotional limitations, which included serious limitations in the exercise of judgment, making occupational adjustments, dealing with work stresses, concentrating, understanding, remembering and carrying out job instructions."]; Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996)*;* Walton v. Shalala, No. 94-5142, 1995 WL 94657 at **1 (10th Cir. Feb. 28, 1995) ["The ALJ could not properly determine whether (the Plaintiff) is disabled by resort to the grids alone" where Plaintiff's nonexertional "impairments eliminate at a minimum jobs that involve moving machinery and heights."]; 20 C.F.R. § 404.1521(a) [an impairment or combination of impairments deemed to be "severe" significantly limit the physical or mental ability to do basic work activities]. Therefore, remand of this case for the purpose of obtaining VE testimony is required.

With respect to the remainder of Plaintiff's complaints concerning the decision, on



remand the ALJ will be able to reconsider and re-evaluate Plaintiff's credibility and the evidence as part of the reconsideration of this claim.    Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it was vacated and the new hearing is conducted *de novo*].

### **Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of a re-evaluation of the medical evidence, the obtaining vocational expert testimony to establish whether any jobs exist in sufficient numbers which Plaintiff can perform with her limitations, and for such further administrative action as is deemed necessary and appropriate. See   Shalala v. Schaefer, 113 S.Ct. 2625 (1993); Butts v. Barnhart, 388 F.3d 377 (2d Cir. 2004).

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 22, 2006

